IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOYCE ANN COFFEY <br> 312 WEST LEMON STREET, APT. 1 <br> LANCASTER, PA. 17603 | CIVIL ACTION |
| VS. | |
| POLICE OFFICER THOMAS COLE <br> BADGE # 130 <br> 39 WEST CHESTNUT STREET, <br> LANCASTER, PA 17603 <br> AND <br> POLICE OFFICER JOHN DOE #1 <br> 39 WEST CHESTNUT STREET, <br> LANCASTER, PA 17603 <br> AND <br> POLICE OFFICER JOHN DOE #2 <br> 39 WEST CHESTNUT STREET, <br> LANCASTER, PA 17603 <br> AND <br> CITY OF LANCASTER <br> 39 WEST CHESTNUT STREET, <br> LANCASTER, PA 17603 | JANUARY TERM, 2010 <br><br> NO. 10-484 |

## AMENDED COMPLAINT

1. Plaintiff, Joyce Ann Coffey, is a citizen and resident of the Commonwealth of Pennsylvania, residing as captioned.

2. Defendant, City of Lancaster, is a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania, which maintains its principal offices as captioned..

3. Defendant, Police Officer Thomas Cole, was at all material times employed as a police officer with the Lancaster County Police Department.

4. Defendant, Police Officer John Doe #1, was at all material times employed as a police officer with the Lancaster County Police Department.

5. Defendant, Police Officer John Doe #2, was at all material times employed as a police officer with the Lancaster County Police Department.

6. Police Officer Thomas Cole is being sued both individually and in his official capacity as an officer, agent and employee of the Lancaster Police Department and the City of Lancaster.

7. Police Officer John Doe #1 is being sued both individually and in his official capacity as an officer, agent and employee of the Lancaster Police Department and the City of Lancaster.

8. Police Officer John Doe #2 is being sued both individually and in his official capacity as an officer, agent and employee of the Lancaster Police Department and the City of Lancaster.

9. At all material times, defendants, Police Officer Thomas Cole, Police Officer John Doe #1 and Police Officer John Doe #2 acted within the course and scope of their employment, under color of law and pursuant to the customs, policies and practices of the Lancaster Police Department and the Defendant, City of Lancaster.

10. This court has jurisdiction over the Federal law claims pursuant to 28 U.S.C. §§1331 and 1343.

11. Venue is proper under 28 U.S.C. §1391(b) because the causes of action upon which the complaint is based arose in and around the City and County of Lancaster, which is in the Eastern District of Pennsylvania.

12. On or about February 3, 2008, at approximately 12:30 am, the plaintiff, Joyce Coffey, and her then boyfriend, Darrell Collick, were verbally arguing at the plaintiff's home, located at 312 West Lemon Street, Apt. # 1, in Lancaster, Pa.

13. Defendants, Police Officer Thomas Cole, Police Officer John Doe #1 and/or Police Officer John Doe #2, responded to the plaintiff's house where they falsely claimed that Darrel Collick informed them that the plaintiff had threatened him with a 12 inch knife and had poked the knife into his stomach.

14. Based on the aforementioned false claim, the plaintiff was arrested.

15. Defendants, Police Officer Thomas Cole, Police Officer John Doe #1 and/or Police Officer John Doe #2, misrepresented the facts and falsified information in order to fabricate a legal basis to arrest the plaintiff.

16. The alleged victim, Darrell Collick, never told or otherwise informed the defendants that the plaintiff had threatened him with a knife or poked a knife into his stomach. Exhibit "A", Affidavits of Darrell Collick.

17. In fact, Darrell Collick informed the defendants that the plaintiff, Joyce Coffey, "had nothing to do with it." . Exhibit "A", Affidavits of Darrell Collick.

18. The incident was also witnessed by Walter Twyman and his wife, Alice Twyman, both of whom attested to the fact that the plaintiff never threatened or assaulted Darrell Collick. Exhibit "B", Twyman Affidavit.

19. Without any legal justification for doing so, Defendant, Police Officer Thomas Cole, Police Officer John Doe #1 and/or Police Officer John Doe #2 falsely arrested the plaintiff, Joyce Coffey, and charged her with Simple Assault and Terrorist Threats.

20. The plaintiff, Joyce Coffey, was innocent of the above listed charges, and the defendants Police Officer Thomas Cole, Police Officer John Doe #1 and/or Police Officer John Doe #2, lacked probable cause to arrest the plaintiff.

21. All of the above listed criminal proceedings were terminated in the plaintiff's favor on April 25, 2008.

22. The plaintiff, Joyce Ann Coffey, incurred approximately three-thousand dollars ($3000.00) in legal fees for the defense of her criminal case.

23. As a direct and proximate result of the actions of defendants, as more fully set forth in the preceding paragraphs of this Complaint, plaintiff, Joyce Coffey, has been and will be obliged to receive and undergo medical attention and care and incurred medical expenses and will continue to incur additional expenses for an indefinite period of time in the future, all to her great detriment and loss.

24. As a further direct and proximate result of the actions of defendant, Police Officer Thomas Cole, plaintiff, Joyce Coffey has suffered mental anguish, humiliation, loss of enjoyment of life and she will continue to suffer same for an indefinite time in the future, to his great detriment and loss.

## COUNT I
## 42 U.S.C. 1983
## FALSE ARREST AND FALSE IMPRISONMENT
## JOYCE COFFEY V. POLICE OFFICER THOMAS COLE, POLICE OFFICER JOHN DOE #1 AND POLICE OFFICER JOHN DOE #2

25. Paragraphs 1 through 24 are incorporated herein by reference, as though each were fully set forth herein at length.

26. Defendant, Police Officers Thomas Cole, John Doe #1 and/or John Doe #2, as aforementioned, intentionally maliciously and/or recklessly caused the false arrest and imprisonment of the plaintiff, Joyce Coffey, without probable cause, without privilege and against the plaintiff's will.

27. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, Police Officers Thomas Cole, John Doe #1 and/or John Doe #2, the plaintiff, Joyce Coffey, sustained injuries that are described above, and was forced to stay away from her own apartment for approximately three (3) months, thereby requiring her to live as a homeless person and suffer extreme mental anguish and humiliation.

28. The above-described actions of the defendant, Police Officers Thomas Cole, John Doe #1 and/or John Doe #2, were so malicious and intentional and displayed such a reckless indifference to the plaintiff, Joyce Coffey's, rights and well being, that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Joyce Ann Coffey, demands compensatory and punitive damages against Defendants, Police Officer Thomas Cole, Police Officers John Doe #1 and Police Officer John Doe # 2, jointly

and/or severally, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

## COUNT II
## 42 U.S.C. 1983
## MALICIOUS PROSECUTION
## JOYCE COFFEY V. POLICE OFFICER THOMAS COLE

29. Paragraphs 1 through 28 are incorporated herein by reference, as fully as though each were set forth herein at length.

30. As described above, the defendant, Police Officer Thomas Cole, did intentionally, maliciously and without probable cause, cause the plaintiff to be subjected to criminal proceedings.

31. The above mentioned criminal proceedings were terminated in the plaintiff's favor.

32. As a direct and proximate result of the malicious and intentional actions of defendant, the plaintiff, Joyce Coffey, suffered injuries and damages which are described above.

33. The above described actions of defendant, Police Officer Thomas Cole, were so malicious and intentional and displayed such a reckless indifference to the plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Joyce Coffey, demands compensatory and punitive damages against defendant, Police Officer Thomas Cole, for the common law tort of malicious prosecution, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

## COUNT III - 42 U.S.C. § 1983
## CONSPIRACY
## JOYCE ANN COFFEY V. POLICE OFFICER THOMAS COLE AND POLICE OFFICERS JOHN DOE #1-2

34. Paragraphs 1 through 33 are incorporated herein by reference, as though each were fully set forth herein at length.

35. As aforesaid, Defendants, Police Officer Thomas Cole and/or Police Officers John Doe #1-2, entered into a conspiracy to falsely arrest the plaintiff and deny her constitutional rights and privileges under the Constitution of the United States and the laws of the United States.

36. As aforesaid, Defendants, Police Officer Thomas Cole and/or Police Officers John Doe #1-2, performed overt acts in furtherance of the conspiracy.

37. Acting in concert, pursuant to a mutually reached understanding or agreement, Defendants, Police Officer Thomas Cole and/or Police Officers John Doe #1-2, fabricated evidence/facts in an effort to justify their illegal arrest of the plaintiff.

38. Acting in concert, pursuant to a mutually reached understanding or agreement, Defendants, Police Officer Thomas Cole and/or Police Officers John Doe #1-2, remained silent regarding the truth of the incident and allowed the prosecution to proceed against the plaintiff notwithstanding the fact that all of the aforementioned defendants knew that the plaintiff had not done the criminal acts that they accused her of doing.

39. As aforesaid, the conspiracy directly and proximately resulted in harm to the plaintiff, Joyce Ann Coffey, including the deprivation of her rights and privileges under the Constitution of the United States and the laws of the United States.

40. Plaintiff, Joyce Ann Coffey, believes and therefore avers, that the defendants, Police Officer Thomas Cole and/or Police Officers John Doe #1-2, acting within the course and scope of their employment, under the color of state law, and pursuant to the customs, policies and/or practices of the Lancaster Police Department, provided intentional as well as unintentional support to the conspiracy to deprive the plaintiff, Joyce Ann Coffey, of her rights and privileges under the Constitution of the United States and the laws of the United States.

41. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendants, Police Officer Thomas Cole and/or Police Officers John Doe #1-2, the plaintiff, Joyce Ann Coffey, suffered injuries, which are described above.

42. The aforesaid actions of Defendants, Police Officer Thomas Cole and/or Police Officers John Doe #1-2, in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Joyce Ann Coffey, demands compensatory and punitive damages against Defendants, Police Officer Thomas Cole, Police Officers John Doe #1 and Police Officer John Doe # 2, jointly and/or severally, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT IV – 42 U.S.C. §1983
### BYSTANDER LIABILITY
### JOYCE ANN COFFEY V. POLICE OFFICERS THOMAS COLE, JOHN DOE #1 AND JOHN DOE #2

43. Paragraphs 1 through 42 are incorporated herein by reference, as though each were fully set forth herein at length.

44. Plaintiff, Joyce Ann Coffey, believes and therefore avers that Defendants, Police Officer Thomas Cole, Police Officer John Doe #1 and Police Officer John Doe #2, encouraged and stood idly by while the plaintiff was falsely arrested, which deprived the plaintiff of her constitutional rights and privileges under the Constitution of the United States and the laws of the United States.

45. Plaintiff, Joyce Ann Coffey, believes and therefore avers that Defendants, Police Officer Thomas Cole, Police Officer John Doe #1 and Police Officer John Doe #2, encouraged and failed to prevent the false arrest of the plaintiff, which deprived the plaintiff, Joyce Ann Coffey, of her rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the laws of the United States.

46. As aforesaid, Defendants, Police Officer Thomas Cole, Police Officer John Doe #1 and Police Officer John Doe #2, failed to fulfill their obligation to intervene when they

had an independent and affirmative duty to prevent the false arrest of the plaintiff, Joyce Ann Coffey.

47. As aforesaid, by encouraging and failing to intervene, Defendants, Police Officer Thomas Cole, Police Officer John Doe #1 and Police Officer John Doe #2, effectively assisted each other in the false arrest of the plaintiff, Joyce Ann Coffey, and therefore deprived the plaintiff of her rights and privileges under Fourth and Fourteenth Amendments of the Constitution of the United States.

48. The aforesaid actions of Defendants, Police Officer Thomas Cole, Police Officer John Doe #1 and Police Officer John Doe #2, in their individual capacities were so malicious, intentional and/or reckless and displayed such a reckless indifference to the plaintiff's rights and well-being that the imposition of punitive damages is warranted.

**WHEREFORE**, pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Joyce Ann Coffey, demands compensatory and punitive damages against Defendants, Police Officer Thomas Cole, Police Officer John Doe #1 and Police Officer John Doe #2, jointly and/or severally, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars, plus interest, costs, attorney's fees and other appropriate relief.

### COUNT V - 42 U.S.C. § 1983
### MONELL CLAIM / UNCONSTITUTIONAL CUSTOM, POLICY AND PRACTICE
### JOYCE ANN COFFEY V. CITY OF LANCASTER

49. Paragraphs 1 through 48 are incorporated herein by reference, as though each were fully set forth herein at length.

50. Plaintiff, Joyce Ann Coffey, believes and therefore avers that the Lancaster Police Department and defendant, City of Lancaster, have adopted and maintained for many years a recognized and accepted policy, custom and/or practice of systematically allowing the false arrest and malicious prosecution of suspects and subjecting individuals to the same type of treatment to which plaintiff was subjected, which policy, custom

and/or practice violates the Fourth and Fourteenth Amendments of the Constitution of the United States, the laws of the United States and is in violation of 42 U.S.C. § 1983.

51. Plaintiff, Joyce Ann Coffey, believes and therefore avers, that at the time she was falsely arrested and maliciously prosecuted, the defendant, City of Lancaster, knew or should have known of the aforesaid-described policy, custom and/or practice of the Lancaster Police Department and it deliberately, knowingly and/or recklessly failed to take measures to stop or limit the policy, custom and/or practice, including, inter alia, providing proper training, supervision, discipline and control of the officers, agents and/or employees of the Lancaster Police Department.

52. By failing to take action to stop or limit the policy, custom and/or practice of falsely arresting subjects and by remaining deliberately indifferent to the systematic abuses which occurred in accordance with and as a direct and proximate result of the policy, custom and/or practice, defendant, City of Lancaster, condoned, acquiesced in, participated in and perpetrated the policy, custom and/or practice, in violation of the plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States the laws of the United States and is in violation of 42 U.S.C. § 1983.

53. As a direct and proximate result of the malicious, intentional and/or reckless actions of the defendant, City of Lancaster, the plaintiff, Joyce Ann Coffey, suffered injuries that are described above.

**WHEREFORE,** pursuant to 42 U.S.C. §§ 1983 and 1988, the plaintiff, Joyce Ann Coffey, demands compensatory damages against defendant, City of Lancaster, in an amount not in excess of One Hundred and Fifty Thousand ($150,000.00) Dollars plus cost, interest, attorney's fees and delay damages.

                                                **ABRAMSON & DENENBERG, P.C.**

                                                **BY:   s/ Alan Denenberg**
                                                **ALAN E. DENENBERG, ESQ.**
                                                **ATTORNEY FOR PLAINTIFF**

February 12, 2009

To whom it may concern;

I <u>Darel D Collick</u> was not in any way, threatened, stabbed, nor was I assaulted by Ms. Coffey on February 3, 2008 at 312 W Lemon St Apt#1.

Officer Thomas Cole was told that Mrs. Coffey had nothing to do with it. Mrs. Coffey was falsely accused of something she had nothing to do with at any time.

I have given the truth on the above statement to the best of my knowledge, The information is what I believe under the penalty of the law.

Signed

*[signature: Darel Collick]*

Darel D Collick

```
COMMONWEALTH OF PENNSYLVANIA
       NOTARIAL SEAL
PEGGY A. ENGLERT, Notary Public
  Lancaster City, Lancaster County
My Commission Expires May 15, 2010
```

Sworn and subscribed before me this
12th day of February 2009

*[signature: Peggy A Englert]*



EXHIBIT "A"

ABRAMSON & DENENBERG, P.C.
February 17, 2009
Page 2

## WITNESS FORM

To whom it may concern:

I Darol D. Collick at no time did I tell Officer Thomas J. that Ms. Coffey pulled a 12" butcher knife during an argument nor poked me in the stomach nor told officer Thomas J. Cole that Ms. Coffey were going to cut me. Officer Thomas Cole wrongfully accused Ms. Coffey of simple assault and terroristic threats also wrongfully arrested and wrongfully imprisonment and defamation of character and standards. Ms. Coffey also had a stay away order from her apartment for 3 months I was told by City Police if she returned she would be arrested also.

Ms. Coffey was placed on supervision very wrong. This whole ordeal has affected Ms. Coffey very badly. Emotional problem, depression!

I hereby declare that the above statements are true and correct to the best of my knowledge, information and belief and given under the penalties of perjury of law.

Date: 2/23/09      Darol Collick

February 12, 2009

To whom it may concern;

I <u>Walter J Twyman</u> and wife, <u>Alice Twyman</u> were witnesses to the alleged incident that took place on February 3, 2009 at 312 W lemon St, Apt#1.

Officer Thomas Cole wrongfully accused Mrs. Coffey of simple assault and terroristic threats on the above date. Mrs. Coffey never threatened nor did she assault the victim <u>Darel Collick</u> at any time.

I have given the truth on the above statement to the best of my knowledge, The information is what I believe under the penalty of the law.

Signed

*Alice Twyman*
*Walter J Twyman*

Walter J Twyman

Alice Twyman

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
PEGGY A. ENGLERT, Notary Public
Lancaster City, Lancaster County
My Commission Expires May 15, 2010

Sworn and subscribed before me this
12th day of February 2009

EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JOYCE ANN COFFEY | : | CIVIL ACTION |
|---|---|---|
| VS. | : | No. 10-484 |
| OFFICER THOMAS COLE et al. | : | |

## CERTIFICATE OF SERVICE

I, Alan Denenberg, Esquire, hereby certify that on April 30, 2010, a true and correct copy of Plaintiff's Amended Complaint was served via First Class Mail, Postage Prepaid, on the following counsel of record:

John P. Morgenstern, Esquire
Deasey, Mahoney, Valentini & North, LTD
1600 Market Street, 34th Floor
Philadelphia, PA. 19103

Date: April 30, 2010
s/ Alan Denenberg
Alan Denenberg, Esquire